NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 24 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

YOUNES YASSEIN,

No. 23-55285

Plaintiff-Appellant,

D.C. No. 3:21-cv-00892-LL-WVG

v.

SCOTT HENDERSON, DEA Task Force
Officer; STEVE WALTON, DEA Task
Force Officer; VERONICA FERNANDEZ,
DEA Task Force Officer; OTHER
UNKNOWN DEA AGENTS,

MEMORANDUM*

Defendants-Appellees,

and

CITY OF SAN DIEGO; DEREK WINKER,

Defendants.

Appeal from the United States District Court
for the Southern District of California
Linda Lopez, District Judge, Presiding

Submitted February 18, 2025**

Before:    SILVERMAN, WARDLAW, and DESAI, Circuit Judges.

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Younes Yassein appeals pro se from the district court's summary judgment in his action brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that Drug Enforcement Administration task force officers violated his Fourth Amendment rights and used excessive force. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We may affirm on any basis supported by the record. *Hell's Angels Motorcycle Corp. v. McKinley*, 360 F.3d 930, 933 (9th Cir. 2004). We affirm.

Summary judgment was proper because the force used on Yassein was objectively reasonable, and the seizure and search of his luggage was supported by probable cause. *See Graham v. Connor*, 490 U.S. 386, 397 (1989) (setting forth the excessive force objective reasonableness standard); *see also United States v. Place*, 462 U.S. 696, 701 (1983) (explaining that if law enforcement has probable cause, they may seize property without a warrant if the exigencies of the circumstances demand it); *Dougherty v. City of Covina*, 654 F.3d 892, 987 (9th Cir. 2011) (discussing the standards for determining probable cause for a search warrant).

We reject as unsupported by the record Yassein's contentions of judicial bias.

**AFFIRMED.**